UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL R.,[1]

        Plaintiff,

  -v-

COMMISSIONER OF THE SOCIAL SECURITY
ADMINISTRATION,

        Defendant.

24-CV-01762 (RFT)

**OPINION & ORDER**

Currently before the Court is Plaintiff's motion for attorney's fees pursuant

to 42 U.S.C. § 406(b). (ECF 20.) For the reasons set forth below, the motion for attorney's fees is

GRANTED.

**BACKGROUND**

Plaintiff filed an application for Social Security disability benefits with the Social Security

Administration ("SSA") on September 15, 2021, claiming a disability onset date of April 23, 2018.

(*See* ECF 11, Certified Administrative Record at 83.) The claim was denied initially on December

6, 2021 and denied upon reconsideration on February 7, 2022. (*Id.* at 138, 193.) After the SSA

denied the claim, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and

an online hearing was held before on February 1, 2023. (*Id.* at 50, 206-209.)  The ALJ issued a

decision on February 21, 2023, finding that Plaintiff was not disabled. (*Id.* at 12.) On January 19,

---

[1]     I refer to Plaintiff by his first name and the first initial of his last name to protect his
privacy.

2024, the SSA's Appeals Council denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 5.)

On March 10, 2024, Plaintiff signed a fee agreement with law firm Konoski & Partners, P.C. to pursue an appeal in federal court of the SSA's denial of his application for benefits. (*See* ECF 20-2, Fee Agreement at 2-3.) Pursuant to the Fee Agreement, Plaintiff agreed to pay counsel in an amount equal to 25 percent of any past-due benefits he received as a result of a remand to the SSA following a successful federal court appeal and subsequent award by the SSA following additional proceedings. (*See id.*)

Plaintiff commenced this action on March 7, 2024. (ECF 1, Compl.) The Commissioner filed the administrative record on March 13, 2024 (ECF 11), and Plaintiff filed his brief in support of his position on June 11, 2024 (ECF 12). The parties filed a proposed stipulation and order of remand on September 4, 2024 (ECF 18), which the Court so-ordered (ECF 19). Judgment was entered on behalf of Plaintiff that same day, and the case was remanded for further administrative proceedings. (ECF 17.)  On September 4, 2024, the Court so-ordered a stipulation and order approving an award of fees under the Equal Access to Justice Act, 24 U.S.C. § 2412 ("EAJA"), in the amount of $8,000. (ECF 19, Stipulation and Order.)

Upon remand to the SSA, a second administrative hearing was held before the ALJ, who found that Plaintiff had been disabled since his alleged onset date of April 23, 2018. (ECF 20, Treyvus Aff. ¶ 4.) On October 4, 2025 , the SSA issued a Notice of Award ("NOA") to Plaintiff, setting forth the benefits he would be receiving. (*Id*. Ex. A (NOA).) The NOA indicated that the SSA had withheld $48,585.00, which is 25 percent of Plaintiff's total past-due benefits, for payment of attorney's fees. (ECF 20, Treyvus Aff. ¶ 4; ECF 20-1, NOA.)

Counsel filed this motion, which seeks $47,385.00 in attorney's fees, on January 29, 2026. (ECF 20, Treyvus Aff. ¶ 2.)  The memorandum of law in support of the motion appropriately acknowledges that, should the motion be granted, counsel will pay $8,000.00 – that is, the amount previously received by counsel under the EAJA – directly to Plaintiff. (*See id*. ¶ 7.) On February 12, 2026, the Commissioner filed a response to the motion in his limited role "resembling that of a trustee for the claimant[ ]." (ECF 23, Def.'s Mem. at 1 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)).) The Commissioner did not take a position with respect to the fee request and noted that "[i]t is for the Court to decide if the request for attorney's fees under 42 U.S.C. § 406(b) is reasonable under the law." *Id.* On February 27, 2026, after determining that counsel's submissions did not contain all the information necessary to grant this motion, I ordered Plaintiff to supplement the record with evidence that this motion was timely or that equitable tolling was proper. (*See* ECF 24, Order.) On March 4, 2026, Plaintiff filed a supplemental memorandum of law with an accompanying exhibit to provide the requested evidence. (*See* ECF 25, Pl.'s Supp. Mem.)

**DISCUSSION**

I.    <u>Legal Standard</u>

"Three statutes authorize attorney's fees in social security actions. 42 U.S.C. § 406(a) compensates attorneys for their representation at the administrative level; 42 U.S.C. § 406(b) compensates attorneys for representation before federal courts; and the EAJA provides additional fees if the Commissioner's position was not substantially justified." *LaFrance v. Saul*, No. 17-cv-4709 (CM) (SN), 2019 WL 4677041, at *1 (S.D.N.Y. Aug. 26, 2019) (citing *Gisbrecht*,

535 U.S. at 794-96), *adopted by* 2019 WL 4565074 (S.D.N.Y. Sept. 20, 2019).[2] Pursuant to Section

406(b), which is at issue here, "[w]henever a court renders a judgment favorable to a claimant

. . . who was represented before the court by an attorney, the court may determine and allow as

part of its judgment a reasonable fee for such representation," as long as the fee does not

exceed "25 percent of the total of the past-due benefits to which the claimant is

entitled." 42 U.S.C. § 406(b)(1)(A).

II.    Analysis

A.    Timeliness

In *Sinkler v. Berryhill*, the Second Circuit concluded that the 14-day filing period for

seeking attorney's fees set forth in Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure

applies to attorney's fee applications under 42 U.S.C. § 406(b); the filing period runs from the

date on which the notice of award is received, and the period also may be subject to equitable

tolling. *Sinkler*, 932 F.3d 83, 85 (2d Cir. 2019). The Second Circuit has opined that the caselaw

"supports a flexible reading of the notice requirement allowing tolling of the filing period until

counsel's receipt of the Award." *Bass v. Kijakazi*, 16-CV-6721 (JCM), 2022 WL 1567700, at *2

(S.D.N.Y. May 18, 2022.) (quoting *Sinkler,* 932 F.3d at 86); *see also Bennett v. Comm'r of Soc. Sec*.,

17-CV-2607 (SLC), 2021 WL 3537165, at *4 (S.D.N.Y. Aug. 11, 2021) (holding that "the operative

information triggering" the filing period is when counsel "knew the amount of attorneys' fees to

request").

---

[2]    Unless indicated otherwise, this opinion and order omits internal quotation marks, citations, and alterations from quoted text.

Here, Plaintiff's current counsel did not represent Plaintiff during the SSA administrative proceedings and was retained for the federal appeal. (*See* ECF 25, Pl.'s Supp. Mem. at 1.) Thus, counsel relied on Plaintiff's prior attorney to supply the NOA; she did not receive a copy of the NOA until Plaintiff's prior attorney provided it to her on January 15, 2026. (*See id*. at 3.) While the NOA is dated October 4, 2025 and the motion for attorney's fees was filed on January 29, 2026 (more than 3 months after the NOA's date), counsel filed the motion within 14 days of receiving the NOA from prior counsel on January 15, 2026. (*See id*. at 3-4.) In light of the flexible approach to the notice requirement, I conclude that the deadline for filing this motion was equitably tolled until current counsel actually received the NOA and therefore that the motion was timely filed. *See Bennett*, 2021 WL 3537165, at *4.

B.      Reasonableness of Fee Award

To ensure that contingency fees are employed fairly in Social Security cases, "Congress capped contingency fees at twenty-five percent of the claimant's past-due benefits and charged courts with ensuring that resulting fees are reasonable." *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (quoting 42 U.S.C. § 406(b)(1)(A)). "[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Fields,* 24 F.4th at 852-53. "When conducting its analysis, the court's primary inquiry should be on the reasonableness of the contingency agreement in the context of the particular case and not merely to rubber stamp the contingency fee agreement." *Caraballo v.*

*Comm'r of Soc. Sec.*, No. 17-CV-7205 (NSR) (LMS), 2021 WL 4949217, at *2 (S.D.N.Y. Oct. 22, 2021).

To assess the reasonableness of a contingency fee, a court must first "determine whether the contingency percentage is within the 25% cap and . . . whether there has been fraud or overreaching in making the agreement." *Fields*, 24 F.4th at 853). A court must then consider the following factors to determine the reasonableness of a requested award: (1) whether the requested fee is out of line with the "character of the representation and the results the representative achieved," (2) whether "the attorney is responsible for delay, lest the attorney profit from the accumulation of benefits during a delay that the attorney caused," and (3) "if the benefits are large in comparison to the amount of time counsel spent on the case, the so-called windfall factor." *Id.*

Here, the requested fee is not greater than 25 percent of Plaintiff's past-due benefits, and there is no evidence or suggestion of fraud or overreaching in the negotiation of the Fee Agreement.

I next consider the reasonableness factors. The requested fee is in line with the character of the representation and results achieved. Current counsel filed this action to challenge the denial of benefits, was able to secure the Commissioner's agreement to remand the case to the SSA for further proceedings, and after remand, Plaintiff was awarded approximately $194,340 in past-due benefits. (*See* ECF 20-1, NOA at 4.) This result is fully favorable to Plaintiff, and the 25 percent fee is in line with the character of the representation and the results achieved. *See, e.g.*, *Shrack v. Saul*, No. 16-CV-2064 (RMS), 2020 WL 373074, at *2 (D. Conn. Jan. 23, 2020) (finding that where the plaintiff sought and obtained a remand to

the SSA, and "the plaintiff received a fully favorable result upon remand," the fee was in line with character of representation and results achieved).

Plaintiff's current counsel did not cause any unreasonable delay in this action. And as to the windfall factor, counsel's requested fee of $47,385.00 is not inappropriately large in light of the 36.3 hours that current counsel devoted to this case and the successful result that was achieved. (*See* ECF 20-3, Billing Timesheet at 2.) For purposes of evaluating the windfall factor, the Second Circuit has instructed courts to look beyond the de facto hourly rate and to assess: (1) the "ability and expertise" of the attorneys, (2) the "nature and length of the professional relationship" with the claimant, (3) the "satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields*, 24 F.4th at 854-55.

The work in this matter was performed by partner Kira Treyvus (3.5 hours), attorney Faten Eidi (29.8 hours), and a paralegal (3.0 hours), for a total of 36.3 hours; the work included review of the administrative record and drafting Plaintiff's brief, which resulted in a stipulated remand. (*See* ECF 20-3, Billing Timesheet at 2.) Plaintiff's current counsel, Konoski & Partners, P.C., concentrates on litigating Social Security disability insurance appeals and routinely handles federal court appeals of Social Security disability insurance cases. (*See* ECF 20, Treyvus Aff. ¶ 15.) Courts in the Second Circuit routinely endorse 20 to 40 hours for work performed by counsel in Social Security disability appeals. *See Bass*, 2022 WL 1567700, at *4.* The hours worked by current counsel in this matter fall within this range and reflect counsel's experience in this type of case. I have no reason to believe that Plaintiff is dissatisfied with the results of representation, since counsel's work led to the reversal of the original denial of benefits. *See id.*

at *5 (finding that counsel's experience "militate[s] in favor of approving" fee request). Further, given that Plaintiff did not secure a remand until after counsel filed an opening brief, a favorable outcome was uncertain. *See Fields*, 24 F.4th at 856 ("A windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of non-recovery. That kind of unearned advantage is what the windfall concern really is about."). Moreover, "[l]awyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do"; accordingly, when operating with a contingency agreement like the one here, "payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." *Id.* at 855-56. The amount sought appropriately reflects this risk.

Turning to the de facto rate – which is not dispositive, *see id.* at 854 – counsel would effectively be compensated at a blended hourly rate of approximately $239.89 per hour ($8,707.89 for a total of 36.3 hours worked by both counsel and a paralegal); the hourly rate for the attorneys' time only would be approximately $250.69 per hour. (*See* ECF 20-3 at 2.) These rates are within the range of de facto hourly rates approved by courts in this Circuit and are below the $1,556.98 de facto hourly rate approved by the Second Circuit in *Fields*. *See Fields*, 24 F.4th at 854-57 & n.10 (collecting cases with de facto hourly rates ranging from $1,289.06 to $2,100). None of the relevant factors suggest that the award requested by counsel would constitute a windfall.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion for attorney's fees (ECF 20) is GRANTED, and counsel (Konoski & Partners, P.C.) is awarded $47,385.00, to be paid out of Plaintiff's past-due benefits in accordance with SSA policy. Upon receipt of this award, counsel is directed to promptly refund to Plaintiff $8,000.00, which represents the amount of fees that previously received under the EAJA.

Dated: New York, New York
          March 6, 2026

SO ORDERED.

_____
**ROBYN F. TANOFSKY**
**United States Magistrate Judge**